UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Roy E. Boyd
Yodit Gebremariam                               )
                                                NVC# ADD2016702004

                                                Plaintiffs
                                                COMPLAINT AND WRIT OF
                                                MANDAMUS


                                                Court File No. _____

                  v.                            )
                                                )
                                                )
Kenneth T. Cuccinelli,                          )
Senior Official                                 )
Performing the Duties of the Director,          )
U.S. Citizenship and Immigration Services       )
U.S. Department of Homeland Security            )
20 Massachusetts Ave. N.W., Room 4210           )
Washington, DC 20529-2120

and                                             )
                                                )
Chad F. Wolf, Acting Secretary                  )
U.S. Department of Homeland Security            )
Washington, DC 20528

and                                             )

Mike Pompeo
Secretary of State
U.S. Department of State
2201 C Street NW, Washington, DC 20037          )
                                                )
                                                )

1

Defendants.                                              )
_____)


Herman Dhade
Attorney for Plaintiffs
Dhade & Associates, P.C.
7071 Orchard Lake Rd., Ste 320
West Bloomfield, MI 48322
Tel: (248) 254-3441

# INTRODUCTION

1. Plaintiff Roy E. Boyd ("Roy") is a U.S. citizen petitioning for his Ethiopian wife, Yodit Gebremariam ("Yodit"). The case has been delayed by over four years at the US Embassy in Ethiopia.

2. Their file number is being processed under the NVC file number of: ADD2016702004

3. The combined delays of USCIS and the Embassy in Ethiopia has kept this marriage visa pending **for over 4 years**. This is an extraordinary amount of time to keep this husband and wife apart.

4. Plaintiff filed for an I-130, Petition for Alien Relative on May 4, 2016. The I-130 was approved on June 13, 2019. On October 2, 2019, Plaintiff's wife attended a visa interview at the U.S. Embassy in Addis Ababa. Following this, Plaintiffs' visa application has been labeled "refused" for "administrative processing." Plaintiffs have provided all requested documents to the Embassy and attempted to make contact on several occasions. The Embassy has not provided Plaintiffs with any update or explanation regarding the extraordinary delay of their case.

5. The Embassy has kept Yodi's passport as well.

6. This is a civil action brought to compel Defendants and those acting under them to properly move forward with administrative procedure in regard to the Immigrant Visa.

## JURISDICTION AND VENUE

7. Jurisdiction of the Court is predicated upon 28 USC §§1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 USC §2201, the Declaratory Judgment Act; 5 USC §702, the Administrative Procedures Act; and 28 USC §1361, regarding an action to compel an officer of the United States to perform his or her duty.

8. This court also has Jurisdiction over the constitutional arguments of violation of due process. *Kerry v. Din, 135 S. Ct. 2128, 2132 (2015)*

9. Venue is proper in this District under 28 USC §1391(e), because Plaintiff Roy resides in this district.

## PARTIES

10. Plaintiff Roy Boyd is a United States Citizen and a petitioner for his wife, Yodit Gebremariam.

11. Plaintiff Yodit Gebremariam is an Ethiopian citizen and the wife of Plaintiff Roy Boyd.

12. Defendant Chad F. Wolf, is being sued in his official capacity as the Acting Secretary of the Department of Homeland Security.

13. Defendant Kenneth T. Cuccinelli, is being sued in his official capacity as the Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services.

14. Defendant Mike Pompeo is being sued is being sued in his official capacity as the Secretary of State for the U.S. Department of State.

## FACTUAL ALLEGATIONS

15. This marriage visa case has been delayed **by over 4 years** by various agencies including USCIS and the US Embassy and Ethiopia.

16. Plaintiff, Roy filed his Application for Alien Relative for I-130 over four years ago to immigrant his wife to the United States although it was approved in 2016, the Embassy sent it back to USCIS for further review and it was again reaffirmed in 2019.

17. Plaintiff, Yodit attended an interview at the US Embassy in Ethiopia in October 2019.

18. It has been stuck in administrative processing ever since.

19. Roy and his wife reached out to the U.S Embassy in Addis Ababa directly on March 6, 2020, August 11, 2020, August 26, 2020, and September 10, 2020. No additional information regarding plaintiff's wife's application has been received from the U.S. Embassy.

20. Plaintiffs have exhausted administrative remedies.

21. As a result of Defendants' willful and unreasonable delay in issuing Plaintiff's Immigrant Visa, Plaintiff and his wife have been unable to move forward with their lives; have lost valuable job opportunities; have been deprived of her peace of mind; have suffered mental and emotional anguish; and deprived of important benefits, rights and protections to which she would be entitled to.

22. By failing to return Plaintiff's passport to her, Defendants have effectively trapped Plaintiff in Ethiopia without recourse to retrieve her passport or apply for a new travel document.

## ARGUMENTS

### COUNT 1 –Due Process

23. The Fifth Amendment provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law."

6

24. a U.S. citizen does have a due process liberty interest in his or her marriage to a noncitizen. *Kerry v. Din, 135 S. Ct. 2128, 2132 (2015)*

25. The over four year delay of having Plaintiff Roy united with his wife Yodit is a violation of due process since they are being deprived of their right to together as husband and wife by refusing to issue a decision on the marriage visa.

26. The Embassy's actions of keeping Yodit's passport but refusing to stamp the visa is making it impossible for Yodit to travel outside of her country or to obtain any other visas.

### Count 2 – Administrative procedures act and related statutes

27. Plaintiffs claim that there was "unreasonable delay" in adjudicating the Immigrant Visa Application rests on the Mandamus Act, 28 U.S.C. § 1361, and section 555(b)1 of the APA. See Compl., ECF No. 1, ¶¶ 1, 3, 4, 10, 26-28, 30, 31.) The APA requires that "[w]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). A reviewing court has the power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The APA only empowers a court to compel agency action that is "ministerial

7

or non-discretionary." *See Vermont Yankee Nuclear Power Corp. v. Nat'l Res. Defense Council, Inc.*, 435 U.S. 519, 546 (1978). The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988). In order to show that the government owed a clear nondiscretionary duty to the petitioner, "the petitioner must show that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available." *See Goumilevski v. Chertoff*, 2007 WL 5986612 at * 4 (D. Md. July 27, 2007) (*citing Asare v. Ferro*, 999 F. Supp. 657, 659 (D.Md. 1998)).

28. In this case, an interview was conducted in October 2019, and the documents requested in that interview were submitted later in October 2019. An immigrant visa was never issued to Plaintiff after numerous efforts listed above.

29. The Mandamus Act gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiff." 28 U.S.C. § 1361. It is well established that mandamus is an "extraordinary remedy," and in seeking mandamus relief, "petitioners

8

must show that they lack adequate alternative means to obtain the relief they seek." *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). Traditionally, mandamus relief is only available to compel the performance of a "ministerial duty"; it is not available to "direct the exercise of judgment or discretion in a particular way." *Wilbur v. U.S. ex rel. Kadrie*, 281 U.S. 206, 218 (1930); see also *Plato v. Roudebush*, 397 F.Supp. 1295, 1304-05 (D. Md. 1975); *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) ("[T]he Mandamus Act requires that the United States owe a clear, nondiscretionary duty to Plaintiff."). *See also Watkins v. Napolitano*, RWT-11-2257, 2012 WL 4069763 at *3 (D. Md. Sept. 14, 2012).

30. "[The] writ of mandamus . . . is intended to provide a remedy for a [petitioner] only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C.Cir.2007) (stating that "mandamus is an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted). Moreover, mandamus relief is appropriate "only where the duty to be

9

performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon*, 170 F.3d at 191 (internal quotation marks and citation omitted).

31. Section 555(b) of the APA, 5 U.S.C. § 555(b), requires that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." A number of courts of appeals have held that § 555(b) creates a non-discretionary duty to conclude agency matters. *See, e.g., Friends of the Bow v. Thompson,* 124 F.3d 1210, 1220-21 (10th Cir. 1997); *Litton Microwave Cooking Prods. v. NLRB,* 949 F.2d 249, 253 (8th Cir. 1991); Moreover, § 555(b) requires that agency matters be resolved within a reasonable time. A violation of this duty is a sufficient basis for mandamus relief. *See, e.g., Sierra Club v. Thomas,* 828 F.2d 783, 797 (D.C. Cir. 1987). Further, the INA creates a clear right to relief in the context of a delayed application for naturalization when the interview has not yet been scheduled. *Hadad v. Scharfen*, 08-22608, 2009 U.S. Dist. Lexis 26147, 6-7 (S.D. Fla. Mar. 12, 2009).

32. Plaintiffs are correct that the U.S. Embassy Addis Ababa was required to render a final decision on plaintiffs' immigrant visa application.

10

33. Plaintiffs have a clear right to have their application timely screened for an issuance of a final decision to 8 U.S.C. § 1446 et seq. The government and all parties participating in the processing of Plaintiff's application owes a clear duty to issue a decision. In a period of over twelve months,

34. The U.S. Embassy has a non-discretionary duty to adjudicate Plaintiff's application within a reasonable amount of time pursuant to 8 C.F.R. § 335.3(a).

## CLAIM FOR RELIEF

35. Defendants have willfully and unreasonably delayed the completion of the administrative processing required for Plaintiff's visa application.

36. The delay in completing the administrative processing cannot be attributed to Plaintiff in any way.

37. Plaintiff has exhausted all administrative remedies that might exist. No other remedy exists for her to resolve Defendants' delay.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

1. To compel Defendants and those acting under them to perform their duty to complete the required administrative processing and to adjudicate Plaintiffs' application for a marriage visa.

2. To grant attorney fees, costs and further relief as this Court may deem just and proper.

Dated: December 5, 2020                Respectfully submitted,

<div style="margin-left: 3em;">

/s/ Herman Dhade
Attorney for Plaintiffs
Dhade & Associates, P.C.
7071 Orchard Lake Rd., Ste 320
West Bloomfield, MI 48322
Tel: (248) 254-3441
Fax: (248) 254-3443

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the Clerk of the Court, and I hereby certify that I have mailed by United States Postal Service the paper to the same parties below.

Kenneth T. Cuccinelli,                )
Senior Official                       )
Performing the Duties of the Director, )
U.S. Citizenship and Immigration Services )
U.S. Department of Homeland Security  )
20 Massachusetts Ave. N.W., Room 4210 )
Washington, DC 20529-2120

-and-

Chad F. Wolf, Acting Secretary        )
U.S. Department of Homeland Security  )
Washington, DC 20528

-and-

Mike Pompeo
Secretary of State
U.S. Department of State
2201 C Street NW, Washington, DC 20037

Respectfully,

s/Herman Dhade
Dhade & Associates PC
7071 Orchard Lake Road, #320
West Bloomfield, MI 48322